UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Trustees of the UNITED UNION OF
ROOFERS, WATERPROOFERS AND
ALLIED WORKERS LOCAL 154 WELFARE,
PENSION, ANNUITY, and APPRENTICESHIP
AND TRAINING FUNDS,

                              Plaintiffs,

                                                                  **REPORT &**
                                                                  **RECOMMENDATION**
                 -against-                                   23-CV-9075 (HG) (AYS)

RELATED SERVICES, LLC,

                              Defendant.
-------------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Having reviewed all of the moving papers, the Court hereby finds as follows:
    *Service of Process and Default*

☑ The record reflects that proper service was made on defendant. **(DE [5] and [6]).**

☑ According to the record, no answer, motion or other appearance was filed on behalf of defendant.

☑ The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55. **(DE [11]).**

☑ A copy of the Original signed CBA was submitted, **(DE [14-1)** which cover the specified time period.

☑ Required Notices were sent to Plaintiff.  (**Compl. ¶ 14, DE [1]).**

    ☑ A Summons was issued and the Defendant was served on December 12, 2023.  **(See DE [5] and [6]).**

    ☑ When Defendant failed to answer or otherwise respond to the Complaint, at Plaintiff's request the Clerk of Court entered default against all Defendants. **(See DE [11])**.

    I.       Liability

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004).   Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 85 (2d

Cir. 2009). Based upon examination of the complaint and motion papers, this Court finds that Plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the Defendant's liability on the following cause(s) of this action. Thus, the Court respectfully recommends that Plaintiffs' motion for default judgment be GRANTED.

II.     Damages

Damages based on estimated unpaid contributions are authorized under Section 502 of ERISA. Gesualdi v. Mechanical Insulation, Inc., No. 14-CV-0724 (JS)(SIL), 2015 WL 729728, at *7 (E.D.N.Y. Feb. 18, 2015); see also Ferrara v. Metro D Excavation & Found., Inc., No. 10 CV 4215 SLT LB, 2011 WL 3610896, at *8 (E.D.N.Y. July 7, 2011), report and recommendation adopted, No. 10-CV-4215 SLT LB, 2011 WL 3625448 (E.D.N.Y. Aug. 16, 2011).

Based upon ☐ a hearing or ☑ review of affidavits and other documentary evidence, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp, 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), the Court finds that Plaintiffs have established damages in the following amounts as against Defendant.

|  |  | Percentage Rate | Time Period | Document supporting award |
|---|---|---|---|---|
| Principal Contributions | **Total** $336,177.27 **August 2023**- $61,797.33 **September 2023** - $52,390 | N/A | August 2023– December 2023 | CBA, Art. IX, DE [14-1]; id. Art. X-XII; Collection Policy, DE [14-3]; DE [15] ¶¶ 8-14; DE [16] ¶¶ 12 – 16, 21-24, 30-31. |

| | | | | |
|---|---|---|---|---|
| | **October 2023** – $92,333.81 **November 2023** – $67,668.35 **December 2023** - $61,986.98 | | | |
| Interest on late contributions | $2,373.20 | 10% per annum | July 2023 (due 8/15/2023 – days late: 119) | CBA, Art. IX, Sec. 6 at p. 22, DE [14-1]; Collection Policy, Art. II, Sec. 6 at p. 4, DE [14-3]; DE [14] ¶¶ 10-11; DE [16] ¶¶ 17-18, 20-21 |
| Interest on missing contributions | **Total** - $8,082.81 **August 2023** - $16.93 per day = $2,539 August total **September 2023** – $14.35 per day = $1,722.44 September Total **October 2023** – $25.30 per day = $2,251.43 October Total **November 2023** – $18.54 per day = $1,093.82 November Total **December 2023** - $16.98 per day = $475.52 December Total | 10% per annum | August 2023 – December 2023 | CBA, Art. IX, Sec. 6 at p. 22, DE [14-1]; Collection Policy, Art. II, Sec. 6 at p. 4, DE [14-3]; DE [14] ¶¶ 10-11; DE [16] ¶¶ 17-18, 20, 22-23 |

3

| Liquidated Damages [1] | **Total** - $33,617.73<br>**August 2023** - $6,179.73<br>**September 2023** – $5,239.08<br>**October 2023** – $9,233.38<br>**November 2023** – $6,766.84<br>**December 2023** - $6,198.70 | 10% of the unpaid contributions | August 2023 – December 2023 | CBA, Art. IX, Sec. 6 at p. 23, DE [14-1]; Collection Policy, Art. II, Sec. 6 at p. 4, DE [14-3]; DE [16] ¶¶ 19-20, 24 |
|---|---|---|---|---|
| Liquidated Damages on Late Contributions | $7,279.15 | 10% of the unpaid contributions | July 2023 | CBA, Art. IX, Sec. 6 at p. 23, DE [14-1]; Collection Policy, Art. II, Sec. 6 at p. 4, DE [14-3]; DE [16] ¶¶ 19-20, 24 |
| Audit Fees[2] | N/A | N/A | N/A | N/A |
| Additional Interest | $92.10 per day | | February 12, 2024 - judgment | CBA, Art. IX, Sec. 6 at p. 22, DE [14-1]; Collection Policy, Art. II, Sec. 6 at p. 4, DE [14-3]; DE [14] ¶¶ 10- |

---

1. In order to be enforceable, a liquidated damages provision in a labor agreement must satisfy two conditions: (1) 'the harm caused by the breach must be very difficult or impossible to estimate' and (2) 'the amount fixed must be a reasonable forecast of just compensation for the harm caused.'" Gesualdi v. Fortunata Carting, Inc., 5 F. Supp. 3d 262, 278 (E.D.N.Y. 2014) (citations omitted). However, if the interest amount is de minimus or the nature of the damages is related to delay in payment, an "inquiry into the propriety of liquidated damages may not be necessary." Fortunata Carting, Inc., 5 F. Supp. 3d at 278.

2. While ERISA does not explicitly allow for recovery of auditor fees, it authorizes such other legal and equitable relief as a court deems appropriate. See 29 U.S.C. § 1132(g)(2). Based on this language, courts have routinely interpreted ERISA to authorize audit costs as part of a damages award. See, e.g., Ferrara v. CMR Contracting LLC, 2012 WL 987497, at *7 (E.D.N.Y. 2012) (awarding $700 in audit fees for two estimated audits conducted); Ferrara v. Stallone Testing Labs., Inc., 2011 WL 3847123, at *8–9 (E.D.N.Y. 2011) (same), adopted by 2011 WL 3847406 (E.D.N.Y. 2011).

| | | | | |
|---|---|---|---|---|
| | | | | 11; DE [16] ¶¶ 17-18, 20, 22-23 |
| **Total** | **$387,530.16** | | | |

Attorney's Fees & Other Costs

Plaintiffs are also entitled to reasonable attorneys' fees pursuant to the Agreement and 29 U.S.C. § 1132(g)(2), "which mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C., 2006 WL 1025075, at *5 (E.D.N.Y March 24, 2006) (adopted on April 19, 2006 (ARR)). As a general matter in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar— the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (and following Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010)). The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984), and the relevant community is generally the "district in which the court sits," Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

The Plaintiffs in this case are seeking the following attorneys' fees:

| Name | Position/Title | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| | | | | |

| Maura Moosnick | Associate | $200 | 3.1 | $620.00 |
|---|---|---|---|---|
| Eva Keating | Senior Paralegal | $100 | 1.1 | $110.00 |
| Abigail Frankel | Paralegal | $100 | 7.1 | $710.00 |
| **TOTAL** | | | | **$1,440.00** |

Plaintiffs were represented in this action by attorney Maura Moosnick ("Moosnick"). (Declaration of Maura Moosnick ("Moosnick Decl."), ¶ 26, DE [16].) Moosnick, an associate, is a 2021 grauduate of Fordham University School of Law. (Id.) Moosnick has two years' experience representing employee benefit plans. (Id.) ¶ 30. Additionally, Eva Keating ("Keating"), a senior paralegal, and Abigail Frankel ("Frankel"), a paralegal, also contributed to the case. (Id. ¶¶ 27-28.) Keating is a 2014 graduate of Fordham University with a degree in International Political Economy. (Id. ¶ 27.) Since joining the firm as a paralegal in 2014, Keating has worked extensively in ERISA litigation. (Id.) Frankel is a 2021 graduate of Cornell University. (Id. ¶ 28.) Since joining the firm in 2022, Frankel has worked in ERISA litigation. (Id.) Moosnick billed her time for this matter at a rate of $200 per hour. (Id. ¶ 26.) Both Keating and Frankel billed their time for this matter at a rate of $100 per hour. (Id. ¶¶ 27-28.)

Plaintiffs' application is supported by contemporaneous time records that detail the tasks the attorneys and the paralegals performed in connection with this action, as well as the time expended on each task. (DE [16-6].) Having reviewed the documents submitted, this Court finds both the number of hours expended and the hourly rates to be reasonable. See United States v. Cotter, 234 F. Supp. 3d 392, 402 (E.D.N.Y. 2017); Douyon v. NY Medical Health Care, P.C., 49

F. Supp. 3d 328 (E.D.N.Y. 2014); see also Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014); see also Finkel v. Captre Elec. Supply Co. Inc., 2015 WL 5316257, at *6 (E.D.N.Y. July 31, 2015) adopted by, 2015 WL 5330388 (E.D.N.Y. Sept. 11, 2015); see also Gesualdi v. Metro. Sewer, Inc., 2016 WL 943533, at *7 (E.D.N.Y. Feb. 19, 2016); see also Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt. Cooperation, Pension and Welfare Funds v. Rock–It Contracting Inc., 2015 WL 1221500, at * 7 (E.D.N.Y. Mar. 9, 2015); see also Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 59 (2d Cir. 2012) ("[T]his Court has instructed that determination of a reasonable hourly rate contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district"); see also Gagasoules v. MBF Leasing LLC, No. 08–CV–2409, 2013 WL 1760134, at *4 (E.D.N.Y. Apr. 24, 2013) ("In the Eastern District of New York, depending on the nature of the action, extent of legal services provided and experience of the attorney, hourly rates range from approximately $300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 for junior associates") (collecting cases); Ferrara v. Prof'l Pavers Corp., No. 11–CV–1433, 2013 WL 1212816 (E.D.N.Y. Mar. 23, 2013) ("Recently, reasonable hourly rates in this district have ranged from approximately $200 to $400 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals.").

In addition, the Plaintiffs seek to recover litigation costs, including but not limited to the filing fee and service fees. "Courts typically allow counsel to recover their reasonable out-of-pocket expenses." Viafara v. Mciz Corp., 2014 WL 1777438, at *15 (S.D.N.Y. Apr. 30, 2014).

This Court recommends awarding the Plaintiffs the $490.35 sought in costs. See, e.g., Marshall v. Reisman, 2013 WL 1563335, at *5 (E.D.N.Y. Mar. 25, 2013).

Accordingly, the undersigned respectfully reports and recommends that the Plaintiffs be awarded $1,440.00 in attorneys' fees and $490.35 in costs. See Sheet Metals Workers' Nat. Pension Fund v. RHB Installations Inc., 2015 WL 1509498 (E.D.N.Y. Mar. 31, 2015).

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends:

(1) a default judgment is warranted and should be GRANTED against Defendant Related Services, LLC;

(2) Plaintiffs' request of $336,177.27 for unpaid contributions be GRANTED;

(3) Plaintiffs' request of $2,373.20 for interest on late paid contributions be GRANTED;

(4) Plaintiffs' request of $8,082.81 for interest on unpaid contributions be GRANTED;

(5) Plaintiffs' request of $33,617.73 for liquidated damages and $7,279.15 for liquidated damaged on late contributions be GRANTED;

(6) Plaintiffs be awarded additional interest to be calculated at a rate of $92.10 per day from February 12, 2024 through the date of judgment herein;

(7) Plaintiffs be awarded $1,440.00 for attorneys' fees; and

(8) Plaintiffs be awarded a total of $490.35 in other costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiffs to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant at their known address(es) and to file proof of service on ECF by July 31, 2024. Any written objections to the Report and Recommendation

must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
       July 29, 2024

                                             /s/ Anne Y. Shields
                                            Anne Y. Shields
                                            United States Magistrate Judge